O'ROURKE *v.* PACHECO.

APPEAL from the District Court of Guayama.

No. 877.—Decided December 10, 1912.

APPEAL—TRANSCRIPT OF RECORD—COMPLAINT.—As the transcript of the record in this case contains only the complaint and the demurrer to the complaint, this court can consider only the complaint to determine whether it contains the defects alleged in the demurrer.

PURCHASER OF LEASED PROPERTY—TERMINATION OF LEASE.—There is no doubt as to the fact that in accordance with section 1474 of the Civil Code the purchaser of leased property has the right to terminate the lease when the sale is effected except in the two cases specified in said section, neither of which appears from the complaint filed in this case.

UNLAWFUL DETAINER—COMPLAINT—POSSESSION AS LESSEE—TENANCY BY SUFFERANCE — PURCHASE OF LEASED PROPERTY — JURISDICTION OF DISTRICT COURT.—A complaint in an action of unlawful detainer based on the fact that the leased property had been purchased by the plaintiff in which this fact is alleged does not contain the defect of not stating facts sufficient to constitute a cause of action; for from the moment the plaintiff purchases the property the defendant ceases to have possession as lessee of the purchaser and becomes a tenant by sufferance, and when the action of unlawful detainer is thus founded the district court has jurisdiction to determine it. *Sosa* v. *Río Grande Agrícola Company, Limited,* 17 P. R. R., 1106.

ID.—APPEAL—UNCERTAIN COMPLAINT—TENANCY BY SUFFERANCE—NONPAYMENT OF RENT—DOUBT AS TO GROUNDS OF ACTION.—Although the action seems to be based on tenancy by sufferance, the plaintiff states the following in his sixth allegation: "* * * notwithstanding which he continued in possession of the estate; and although the fourth day of the present month has passed, when he should have made payment according to the terms of the lease existing at the time of the sale, he has paid no sum whatever to the plaintiff." *Held:* That the demurrer to the effect that the complaint is doubtful should be sustained because the allegation transcribed raises a doubt as to whether the action of unlawful detainer in this case is not based on the failure of the defendant to pay to the plaintiff the sum that he should have

paid on account of the lease existing before the sale, and said allegation is unnecessary if the complaint is based on tenancy by sufferance, i. e., on the fact of the purchase of the leased property by the plaintiff. If the action is based on the failure to pay the rent, the allegation that the amount of the rent computed for one year exceeds $2,000 is lacking, and this is essential to give the district court urisdiction.

ID.—DAMAGES.—The only purpose of an action of unlawful detainer is to recover possession of real property held by another person, and it is not proper to claim in a complaint in unlawful detainer an indemnity for damages. *Puig* v. *Soto*, decided March 13, 1912.

The facts are stated in the opinion.

*Mr. Eugenio Benítez Castaño* for appellant.

*Mr. Tomás Bernardini de la Huerta* for respondent.

MR. JUSTICE ALDREY delivered the opinion of the court.

An action of unlawful detainer was prosecuted in the District Court of Guayama by Mike O'Rourke against Eugenio Pacheco wherein the demurrer filed by the defendant was overruled and the complaint sustained. Eugenio Pacheco was adjudged to vacate the premises involved in the suit within the period of 20 days or be forcibly ejected and, further, to pay to the plaintiff $300 for the damages claimed and the costs.

From this judgment an appeal was taken by the defendant and a transcript of the record filed wherein we find no allegations other than the complaint and the demurrer filed by the defendant, for which reason we shall consider only the question of whether the complaint contains the defects alleged in the demurrer. Consequently, we shall state substantially the facts alleged in the complaint which was filed on May 8 of this year.

Mike O'Rourke, the plaintiff, alleged that by a public deed of April 20 last, he bought of Carmen López Navarro and her husband the country property described which, at the time of the sale, was subject to a private contract of lease made between the vendor and the defendant Eugenio Pacheco, clause 9 of which contract stipulated that in case of sale the lessee would be preferred to any other buyer at a like price, but that if Pacheco should not have the means to

purchase this would not obstruct the sale and the contract of lease would be rescinded, the improvements made by Pacheco to be paid for according to appraisal by experts; that when the plaintiff bought the property the conformity of the lessee had been obtained in writing and the owner had taken the steps necessary for the appraisement of the improvements that might exist, although this was ineffectual because the defendant refused to consent to the appraisal; that after the defendant was notified of the purchase made by the plaintiff and had been required by the latter on April 22 to vacate the premises he not only refused to do so but destroyed trees thereon, in contravention of the lease made with the former owner; that on the 28th of the same month he was again required to cease committing waste upon the property and was advised that if he did not give up the property he would have to pay $100 per month for the same as long as he continued in possession thereof, notwithstanding which notice and the fact that the 4th of May, the day on which he should have made payment in accordance with the lease existing at the time of the sale, had passed he had made no payment whatever to the plaintff; that the refusal of the defendant to give up the property and the waste committed by him thereon had caused the plaintiff damages to the amount of more than $300, for which reasons he concludes with the prayer that the action of unlawful detainer be sustained, that the defendant be ordered to vacate the premises and adjudged to pay the plaintiff $300 for damages, and the costs.

The demurrer filed by the defendant was based on the following grounds: 1. That the complaint did not state facts sufficient to constitute a cause of action of unlawful detainer. 2. That the court had no jurisdiction over the subject matter. 3. That the complaint is ambiguous, unintelligible and uncertain. The reasons for the last two grounds given by the defendant in support of his demurrer were also stated.

There is no question that under section 1474 of the Civil

Code the purchaser of a leased estate has a perfect right to terminate the lease in force at the time of making the purchase except in the two instances therein specified, neither of which is alleged in the complaint. Therefore under this provision of law, if the action of unlawful detainer is founded on the purchase of the property by the plaintiff, the contention cannot be sustained that the complaint does not state facts sufficient to constitute a cause of action, nor that the district court has no jurisdiction, because the moment the purchase is made by the plaintiff the defendant ceases to have possession as lessee of the purchaser, his possession being then tantamount to a tenancy by sufferance; and when the action of unlawful detainer is thus founded the district court has jurisdiction to determine it.—Unlawful Detainer Act, approved March 9, 1905, and judgment rendered in the case, of *Sosa* v. *Río Grande Agrícola Company, Limited,* 17 P. R. R., 1106.

However the difficulty in this case consists in determining whether the complaint of unlawful detainer is based on tenancy by sufferance, which is derived from the right which the law confers on the purchaser to terminate the lease in force at the time of his purchase, or whether it is based on the nonpayment of the rent stipulated in the lease prior to the bargain and sale.

Although the action seems to be founded on tenancy by sufferance, yet the plaintiff in the sixth allegation of his complaint made the following statement: "* * * notwithstanding which he continued in possession of the estate; and although the 4th of the present month, when under the terms of the lease existing at the time of the sale he should have made payment has passed, he has made to the plaintiff no payment whatever."

This allegation is unnecessary if the complaint is based on tenancy by sufferance and, having been made, raises a doubt as to whether the action was not instituted because the defendant had not paid to the plaintiff the amount which he

should have paid in accordance with the lease existing prior to the sale. This doubt is of great importance in this case because if this should be the ground of the complaint the allegation that the lease price exceeded $1,000 a year, which is essential to give the district court jurisdiction, would be lacking. The contention that the complaint is uncertain appears clearly and must be sustained.

Furthermore, in this action of unlawful detainer an action to recover $300 damages is also exercised, which is not proper in special proceedings established by law solely for the purpose of providing for the action of unlawful detainer, the only object of which is to recover possession held by any person either by sufferance or after having violated his obligations as lessee.—*Puig* v. *Soto*, March 13, 1912.

For the reasons stated the judgment appealed from should be reversed and the demurrer, on the ground that the complaint is uncertain, sustained, permission being given to the plaintiff to amend the same.

*Reversed and the trial court directed to allow the plaintiff to amend the complaint.*

Chief Justice Hernández and Justices MacLeary, Wolf and del Toro concurred.